IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02304-BNB

LAWRENCE ROBERT WARFIELD,

    Plaintiff,

v.

BILL RITTER JR., (Governor) as "Respondent Superior,"
ARISTEDES ZAVARAS (DOC - Executive Director,
CORRECTIONS CORPORATION OF AMERICA,
COLORADO ACCESS, as agent,
LT. DLUFFENDACH, (DOC Private Prison Monitor),
CATHIE HOLST, (DOC - AIC Coordinator),
DICK SMELSER, (CCCF - Warden),
MICHAEL MILLER, (CCCF - Asst. Warden),
RICHARD SELMAN, (CCCF - Chief of Security),
BOBBY BONNER, (CCCF - Chief of Unit Managment [sic]),
MR. CHAVEZ, (CCCF - Unit One Manager)
JAMES H. HIGBY, (CCCF- Grievance Coordinator),
GERALD BARBER, (CCCF - Principal),
MARTY FLIESCHACKER, (CCCF - Education Coordinator),
LINDA LYONS, (CCCF - Law Library Aide),
SGT. GREENLEE, (CCCF - Mailroom Supervisor),
SGT. BARROWS, (CCCF - Intake),
JUDY BRIZENDINE, (CCCF - Medical Supervisor),
DOCTOR CABILING, M.D., (CCCF), and
LAURU DICKINSON, (CCCF - Medical RN), all individually and in their official capacities, et al.,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 2 2 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, Lawrence Robert Warfield, currently is incarcerated at the El Paso County Detention Facility in Colorado Springs, Colorado. He filed *pro se* an amended Prisoner Complaint pursuant to 42 U.S.C. § 1983 (2006), among other statutes. He

has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

The Court must construe the amended complaint liberally because Mr. Warfield is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. **See Hall**, 935 F.2d at 1110. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). For the reasons stated below, Mr. Warfield will be ordered to file a second amended complaint.

The Court finds that the amended complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. **See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. **See TV Communications Network, Inc. v. ESPN, Inc.**, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement

2

of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Warfield "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Warfield asserts six claims against twenty defendants. However, he fails to allege which claims are asserted pursuant to which statute. *See* Fed. R. Civ. P. 8(a)(1). His amended complaint is verbose and, at times, vague. To understand some of the asserted claims, the Court and the defendants must rely upon allegations contained in an attached exhibit. Although Mr. Warfield attempts to articulate in great, sometimes chronological, detail the defendants' involvement in his asserted claims, he fails to make clear how their actions violated his constitutional rights. Merely mentioning a defendant and his or her action within a claim does not state a constitutional claim or state that defendant's personal participation in the constitutional claim.

As a result, the amended complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief, *see* Fed. R. Civ. P. 8(a)(2), and forces the Court to speculate who is being sued for what and how his constitutional rights have

been violated. That is not a judicial function. It is Mr. Warfield's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Warfield must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

Mr. Warfield also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Warfield must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Governor Bill Ritter or DOC Executive Director Aristedes Zavaras, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

that Mr. Warfield should be given an opportunity to file a second amended complaint asserting all of his claims against all defendants he intends to sue. He will be directed to do so below. Accordingly, it is

ORDERED that Plaintiff, Lawrence Robert Warfield, file **within thirty (30) days from the date of this order** an original and a copy of a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Warfield, together with a copy of this order, two copies of the following form for use in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Warfield fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the amended complaint and the action will be dismissed without further notice.

DATED December 22, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02304-BNB

Lawrence Robert Warfield
Prisoner No. 54622/A00104918
El Paso County Det. Facility
Unit CJC 2F4
2739 E. Las Vegas Street
Colorado Springs, CO 80906

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 12/22/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk